```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STARR INDEMNITY & LIABILITY COMPANY,

         Plaintiff,

vs.

BERKLEY INSURANCE COMPANY,

         Defendant.

Civil Action No. 1:23-cv-05322 (JPC)(JLC)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

  WHEREAS, Starr Indemnity & Liability Company ("Starr") and Berkley Insurance Company ("Berkley") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

## I. DEFINITIONS

**1.1 Action**: the instant Action: <u>Starr Indemnity & Liability Company vs. Berkley Insurance Company</u>.

**1.2 Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

**1.3 "CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**1.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "CONFIDENTIAL" information or tangible things, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**1.5 Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff). Mark Rosen with the firm of McElroy, Deutsch & Mulvaney, counsel for Starr, and his support Staff shall be excluded from this definition in addition to the definition of "Outside Counsel of Record".

**1.6** **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**1.7** **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

**1.8** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a Consultant in this Action.

**1.9** **House Counsel:** attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**1.10** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action. For purposes of this definition, Greenman-Pedersen, Inc. ("GPI"), the mutual insured of Starr & Berkley, shall be considered a Non-Party.

**1.11** **Outside Counsel of Record:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party and includes support staff.

**1.12** **Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**1.13** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**1.14** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**1.15** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY".

**1.16** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**II.** **SCOPE:** The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain

at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**III.** **DURATION.** Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**IV.** **DESIGNATING PROTECTED MATERIAL.**

    **4.1 Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of Section (a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL— ATTORNEYS' EYES ONLY," at the option of the Producing Party. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.2 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

4.3 **Personal Identifying Information ("PII").** Any Personally Identifying Information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

V. **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

5.1 **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and

confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    **5.3**   **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality once the Parties have agreed that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration, within required time shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL.

    **6.1**   **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of XII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    **6.2**   **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) private court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any the Parties engaged in settlement discussion.

**6.3 Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**VII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

    **7.1** The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    **7.2** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (b) promptly provide the Non-Party with the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (c) make the information requested available for inspection by the Non-Party.

**VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7

IX. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL. When a Producing Party gives notice to Receiving Parties that certain** inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

X. **CLAWBACK PROTOCOL.**

10.1 **No Waiver by Disclosure of Information.** If a Producing Party inadvertently discloses information in this Action, the disclosure will not constitute or be deemed a wavier—in this Action or in any other state or federal Action or proceeding—of any claim of the attorney-client privilege and/or work product doctrine that the Producing Party would otherwise be entitled to assert with respect to the information or its subject matter. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

10.2 **Notification.** The Producing Party must notify the Receiving Party, in writing, that **privileged** and/or work product information has been produced or otherwise disclosed. The Producing Party must provide this written notice promptly following its discovery of the production or disclosure. The Producing Party shall not be deemed to have waived any rights by such disclosure, or by its failure to object to the use of the information by the Receiving Party after its disclosure so long as the Producing Party provides prompt written notice to the Receiving Party. Upon its receipt of this written notice, the Receiving Party must immediately cease reviewing and circulating such information or using it for any purpose, except as provided in Section 10.3. below, until further order of the Court. Within ten (10) business days of receiving this written notice, except as provided in Section 10.3. below, the Receiving Party must return to the Producing Party or destroy (deleted, in the case of electronically stored information), at the Producing Party's option, such information and all reasonably accessible copies of it. The Receiving Party must also certify in writing to the Producing Party that it has returned or destroyed the information and has made reasonably diligent efforts to identify and destroy all copies of it. If such information is in electronic format and has been stored on a source of electronically stored information that is not reasonably accessible, such as disaster backup recovery media, the Receiving Party shall sequester the information and if the information is retrieved, the Receiving Party must promptly delete it.

10.3 **Challenging Claim of Privilege or Work Product Protection.** The Receiving Party may challenge the Producing Party's claim of attorney-client privilege or work product protection with respect to any of the disclosed information. The Receiving Party, however, cannot argue that the disclosure itself of the information waived or forfeited the privilege or work product protection, that the disclosure of the information was not inadvertent, that the Producing Party did not take reasonable steps to prevent the

8

disclosure of the privileged information or that the Producing Party failed to take reasonable steps to rectify the error as set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In the event the Receiving Party disputes the claim of privilege or work product protection, the Receiving Party must, within a reasonable time after it receives the Producing Party's initial written notice, move the Court for an order compelling the production of the disputed information. Prior to filing and serving its motion, the Receiving Party shall give the Producing Party written notice of the basis of its challenge and shall be entitled to retain one copy of the disputed document or information to use in bringing its motion to compel. If the Receiving Party fails to seek a court order, it shall return or destroy, at the Producing Party's option, all copies of the disputed document or information upon the expiration of the 15-day period.

**10.4  Stipulated Time Periods.** The Parties may stipulate to extend the time periods established in Sections 10.2. and 10.3. above.

**10.5  Destruction of Derivative Material.** In the event the Receiving Party or any of its experts or agents prepared any analyses, memoranda, notes or other material based on or derived from disclosed information, the Receiving Party shall immediately retrieve such material and place it in sealed envelopes. Thereafter, the Receiving Party shall destroy the material if either: the Receiving Party does not dispute that the disclosed information is privileged or protected work-product in accordance with the procedures specified in Section 10.3. above; or the Receiving Party brings a motion to compel in accordance with Section 10.3. above and the Court rules that the information is privileged or protected work product. The analyses, memoranda, notes or other material may be removed from their sealed envelopes and used for their intended purpose only if either: the Producing Party agrees in writing that the disclosed information is not privileged or work product protected; or the Court rules that the information is not privileged or work product protected.

**10.6  Burden of Proving Privilege or Work Product Protection.** If the Receiving Party challenges the claim of attorney-client privilege and/or work product protection, as provided for in Section 10.3. above, the Producing Party bears the burden of establishing that the disclosed information is privileged and/or work product protected.

**10.7 Inapplicability of Rule 502(b).** Federal Rule of Evidence 502(b) is inapplicable to the inadvertent disclosure or production of otherwise privileged or work product protected information under this Stipulated Protective Order and the Parties are excused from the requirements of the Rule.

**XI.   MISCELLANEOUS.**

**11.1  Right to Further Relief.** Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

**11.2  Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing

or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

**11.3 Filing Protected Material.** Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

**11.4 Effective Date.** This CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER is effective and binding upon the Parties upon full execution by counsel for the Parties. The Parties agree to be bound by the provisions of this document, even if not so-ordered by the Court.

**XII. FINAL DISPOSITION**. Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

(a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

(b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV. (DURATION).

SO STIPULATED AND AGREED.

Dated: January 4, 2024

    New York, New York

| s/ *John T. Coyne* | s/ *Neil L. Sambursky* |
|---|---|
| John T. Coyne, Esq. | Neil L. Sambursky, Esq. |
| Counsel for Plaintiff | Counsel for Defendant |

        **SO ORDERED.**

    Dated: January 5, 2024
          New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

**EXHIBIT A**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the [federal judicial district of pending action] on [date] in the case of [formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the [federal judicial district of pending action] for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Dated: _____ , 20__            _____
                                                                            Signature

                                                                            Name (printed) _____

Signed in the presence of:

_____
(Attorney)